IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


STEPHEN MICHAEL WEST          )
                              )
v.                            )     No. 3:10-0778
                              )     JUDGE CAMPBELL
GAYLE RAY, et al.             )


MEMORANDUM

I. Introduction

Pending before the Court is a Motion To Dismiss On Behalf Of Gayle Ray, Ricky Bell,

David Mills, and Reuben Hodge (Docket No. 23). The Plaintiff has filed a Response (Docket

No. 31) to the Motion, and the Defendants have filed a Reply (Docket No. 32). For the reasons

set forth herein, the Motion To Dismiss is GRANTED.

II. Factual and Procedural Background

Plaintiff, who is scheduled to be executed on November 9, 2010, has filed a Complaint

under 42 U.S.C. Section 1983 alleging that Tennessee's lethal injection method of execution

violates his right to be free from cruel and unusual punishment guaranteed by the Eighth and

Fourteenth Amendments to the Constitution. (Complaint (Docket No. 1)). Plaintiff also requests

a declaratory judgment that the lethal injection protocol used by the Defendants violates the

Federal Controlled Substances Act, 21 U.S.C. §§ 801, et seq., and the Federal Food, Drug, and

Cosmetic Act, 21 U.S.C. §§ 301, et seq. (Id.)

### III. <u>Analysis</u>

#### A. <u>The Standards for Considering a Motion to Dismiss</u>

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must take "all well-pleaded material allegations of the pleadings" as true. <u>Fritz v. Charter Township of Comstock</u>, 592 F.3d 718, 722 (6th Cir. 2010). The factual allegations in the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." <u>Id.</u> (quoting <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009)). "'A legal conclusion couched as a factual allegation,'" however, "need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." <u>Id.</u> (quoting <u>Hensley Mfg. v. ProPride, Inc.</u>, 579 F.3d 603, 609 (6th Cir. 2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).[1]

#### B. <u>Section 1983 Claims</u>

The Defendants argue that the Plaintiff's claims are subject to dismissal because they are barred by the applicable statute of limitations, primarily relying on the Sixth Circuit's decision in <u>Cooey v. Strickland (Cooey II)</u>, 479 F.3d 412, 421-22 (6th Cir.), *reh'g denied en banc*, 489 F.3d 775 (6th Cir. 2007). In <u>Cooey II</u>, the court held that the statute of limitations for a constitutional challenge to the method of execution, brought under 42 U.S.C. § 1983, begins to run upon the conclusion of direct review in the state court or the expiration of time for seeking such review, or

---

[1] In an earlier Order (Docket No. 28), the Court indicated that it would only consider matters appropriate for motions to dismiss in ruling on the pending motion. Thus, the Court will not consider Defendants' Article III standing and waiver arguments, which rely on the "Affidavit To Elect Method Of Execution" (Docket No. 24-1), attached as an exhibit to Defendants' Motion To Dismiss.

Case 3:10-cv-00778   Document 33   Filed 09/24/10   Page 2 of 7 PageID #: 1158

when the particular method of execution is adopted by the state. Applying that holding to the petitioner in Cooey II, the court held that the statute of limitations began to run in 2001 when Ohio adopted lethal injunction as the exclusive method of execution, or in 1991 when the Supreme Court denied direct review of petitioner's claims. 479 F.3d at 422. Under either date, the court explained, petitioner's Section 1983 claims were barred by the two-year Ohio statute of limitations as they were not filed until December 8, 2004. Id.

In Tennessee, civil actions for compensatory damages or injunctive relief brought under the federal civil rights statutes must be commenced within one year of the accrual of the cause of action. Tenn. Code Ann. § 28-3-104(a)(3); Cox v. Shelby State Community College, 48 Fed. Appx. 500, 506-07, 2002 WL 31119695 (6th Cir. Sept. 24, 2002).

On February 6, 1989, the Tennessee Supreme Court affirmed Plaintiff's convictions on two counts of first-degree premeditated murder, two counts of aggravated kidnapping and one count of aggravated rape, as well as his death sentence. State v. West, 767 S.W.2d 387 (1989). On March 27, 1989, the court denied the Plaintiff's motion for rehearing. Id. The United States Supreme Court denied direct review of the Plaintiff's claims on June 25, 1990. West v. Tennessee, 497 U.S. 1010, 110 S.Ct. 3254, 111 L.Ed.2d 764 (1990).

Tennessee adopted lethal injection as its presumptive method of execution on March 30, 2000. Tenn. Code Ann. § 40-23-114; 2000 Tenn. Pub. Acts 614.

Applying the analysis in Cooey II to this case, the statute of limitations began to run either in 1990 when Plaintiff's direct review process was final, or in 2000 when lethal injection became the presumptive method of execution. Plaintiff brought the current action on August 19, 2010 (Docket No. 1), more than one year later than either of these dates. Accordingly, the statute

3

of limitations bars review of Plaintiff's Section 1983 claims.[2]

Plaintiff argues that the decision in <u>Cooey II</u> does not control the resolution of the statute of limitations issue because the Sixth Circuit's analysis was undermined by the United States Supreme Court's subsequent decision in <u>Baze v. Rees</u>, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008). Plaintiff contends that <u>Baze</u> introduced a two-part analysis for evaluation of an Eighth Amendment challenge to a method of execution. According to the Plaintiff, the plaintiff must show (1) that the State's adoption of an execution protocol inflicts unnecessary pain and suffering; and (2) that the State had actual or implicit knowledge that such pain and suffering will result from carrying out its protocol and the State decided to go forward nonetheless. The Plaintiff argues that <u>Cooey II</u> does not consider the second condition, and therefore, it does not apply here.

Plaintiff's argument that <u>Baze</u> affected the viability of the analysis in <u>Cooey II</u> is undermined by the Sixth Circuit's continued application of <u>Cooey II</u> after the <u>Baze</u> decision was issued. <u>See</u> <u>Wilson v. Rees</u>, 2010 WL 3450078 (6th Cir. Sept. 3, 2010); <u>Getsy v. Strickland</u>, 577 F.3d 309 (6th Cir. 2009); <u>Cooey II v. Strickland</u>, 544 F.3d 588 (6th Cir. 2008). In <u>Getsy,</u> the court specifically addressed the issue of whether <u>Baze</u> changed the statute of limitations analysis of <u>Cooey II</u>:

> This raises the question of whether <u>Baze's</u> freshly clarified standards trigger a new accrual date. We do not believe that they do. As previously noted, '[i]n determining when the cause of action accrues in § 1983 cases, we look to the

---

[2] Even if the Court assumes that the statute of limitations began to run when Tennessee revised its lethal injection protocol on April 30, 2007 <u>see</u> <u>Harbison v. Little</u>, 511 F.Supp.2d 872 (M.D. Tenn. 2007), <u>rev'd</u> 571 F.3d 531 (6th Cir. 2009), the Plaintiff's Complaint is still time barred as having been filed over a year later.

4

> event that *should have alerted the typical lay person* to protect his or her rights.' Trzebuckowski [v. City of Cleveland], 319 F.3d at 856 (emphasis added). Cooey II held, rightly or wrongly, that the relevant event is the later of either (1) the 'conclusion of direct review in the state court or the expiration of time for seeking such review,' or (2) the year 2001, when Ohio adopted lethal injection as the sole method of execution. Cooey II, 479 F.3d at 422. Nothing in Baze gives us cause to question Cooey II's determination of when the statute of limitations clock begins to tick.

577 F.3d at 312. The reasoning of Getsy is an effective rejection of Plaintiff's argument that Baze requires the court to consider what State officials knew or had reason to know as part of the statute of limitations analysis.

The Plaintiff alternatively argues that Cooey II was wrongly decided, and that the statute of limitations should not accrue until the State requested that the Tennessee Supreme Court set his execution date. This Court, however, is bound by the decision in Cooey II.

Because Plaintiff's Section 1983 claims are barred by the statute of limitations, the Court declines to address the other grounds for dismissal of those claims raised by the Defendants.

C. Declaratory Judgment Claims

The Defendants argue that Plaintiff's request for a declaratory judgment that the lethal injection protocol used by the Defendants violates the Federal Controlled Substances Act, 21 U.S.C. §§ 801, et seq. ("CSA"), and the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301, et seq. ("FDCA"), should be dismissed because there is no private right of action under those statutes. Defendants primarily rely on the recent Sixth Circuit decision in Durr v. Strickland, 602 F.3d 788 (6th Cir. 2010), in which the court affirmed a district court's dismissal of similar claims because no private right of action exists under either act.

To support his argument that the claims should not be dismissed, Plaintiff cites Ringo v. Lombardi, 2010 WL 1610592 (W.D. Mo. March 2, 2010), in which a district court in Missouri

5

held that inmates facing death by lethal injection had standing to bring a declaratory judgment

action under the CSA and FDCA; that it was appropriate for the court to issue a declaratory

judgment; and that it was premature to dismiss plaintiff's claim that the Missouri lethal

injunction statutes and regulations were preempted by the FDCA and the CSA. The Court notes

that approximately five months later, the  same court, citing the appeals court opinion in <u>Durr</u>,

dismissed plaintiffs' claim for a declaration that the state's lethal injection procedure would

violate the CSA and the FDCA because those statutes do not provide for a private right of action.

<u>Ringo v. Lombardi</u>, 2010 WL 3310240 (W.D. Mo. Aug. 19, 2010).  The court went on to hold,

however, that plaintiff's preemption claim would not be dismissed because it "hinge[s] on the

supremacy of federal law, rather than individual rights," and therefore, the absence of a private

right of action did not defeat that claim. <u>Id.</u>, at *5.

The distinction made by the Missouri court is not one that was made by the district court

in <u>Durr</u>, or by the Sixth Circuit in affirming that decision.  In analyzing this same issue, a district

court in Arkansas agreed with the result reached by the <u>Durr</u> courts, and rejected the reasoning of

the <u>Ringo</u> court. <u>Jones v. Hobbs</u>, 2010 WL 2985502 (E.D. Ark. July 26, 2010).  In reaching its

decision, the court explained:

> To entertain, under the auspices of the Declaratory Judgment Act, a cause of
> action brought by private parties seeking a declaration that the FDCA or the CSA
> has been violated would, in effect, evade the intent of Congress not to create
> private rights of action under those statutes and would circumvent the discretion
> entrusted to the executive branch in deciding how and when to enforce those
> statutes.
>
> * * *
>
> Congress committed complete discretion to the executive branch to decide when
> and how to enforce those statutes and authorized no private right of action for the
> enforcement of those statutes.  The Declaratory Judgment Act does not authorize
> a bypass of that enforcement scheme.

Id., at *6.

Plaintiff attempts to distinguish the Durr opinion by noting that the plaintiff in Durr failed to allege an Eighth Amendment violation under Section 1983. In considering whether the plaintiff had alleged sufficient injury to establish standing, the district court in Durr explained that the plaintiff had failed to allege that a violation of federal law would lead to an inhumane execution, or any violation of his civil rights. 2010 WL 1610592, at *3. Plaintiff argues that because he has alleged such an injury to himself, the Durr reasoning does not apply.

The Court disagrees. The failure to allege sufficient injury was only one basis for the district court's dismissal in Durr. Both the district court and the Sixth Circuit in Durr, as well as the court in Jones, held that because no private right of action exists under either the CSA or the FDCA, any injury can not be redressed through a declaratory action. Thus, the Plaintiff's request for a declaratory judgment that the lethal injunction protocol violates the CSA and the FDCA is dismissed.

IV.  Conclusion

For the reasons set forth herein, Defendant's motion to dismiss is granted, and this action is dismissed.

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7